L. A. LAUGHLIN, Appellant, v. J. W. H. FINDLAY and FIDELITY-MARLBOROUGH REALTY COMPANY.—25 S. W. (2d) 464.

Division One, March 5, 1930.

1022

*W. E. Tribble* and *Wm. Cashman* for appellant.

*McCollum & Schwind* for respondents.

GANTT, J.—Plaintiff seeks specific performance of a contract to convey real estate. He appeals from the judgment dismissing his petition.

On May 25, 1907, the Potter Realty Company, a corporation, sold to Wm. E. Hicks, by an unrecorded contract, a lot in Marlborough

Heights Addition to Kansas City, Missouri. The contract provided for payments of $3.75 per week, with interest at six per cent on deferred payments, and provided for a conveyance to Hicks on full payment of the purchase price.

On September 3, 1912, Hicks executed a note for $500 to O. J. Hill. Having made payments on the lot amounting to $811.66, he agreed to secure payment of the note by pledging to Hill his purchase contract for the lot. On the following day they went to the office of the Potter Realty Company and informed Mr. Elliott, the general manager, that Hicks desired to pledge his contract to secure payment of the note. Thereupon Elliott caused to be written an agreement so pledging the contract, which agreement was signed by Hicks. He also caused to be written and executed by the Potter Realty Company a duplicate of Hicks's contract "to take the place of the other contract," and both the pledge agreement and the duplicate unrecorded contract were delivered to Hill. The original contract in the possession of Hicks was not produced and remained in his possession. We infer that the duplicate delivered to Hill was made from a duplicate on file with the Potter Realty Company. Thereafter Hicks continued in an irregular way to make payments on the lot. On February 1, 1919, the respondent, Findlay-Marlborough Realty Company, a corporation, purchased of the Potter Realty Company all the lots in Marlborough Heights Addition, thereby acquiring the lot sold to Hicks. At this time Hicks was in default, but the contract was reinstated by the Findlay Company, and Hicks continued to make payments, which were credited on the original contract in his possession. He made the final payment on July 16, 1919, and was offered a deed by the Findlay Company, which he refused, stating that he was having trouble with his wife and did not want to encumber the title by taking a deed. Thus the title remained until May 6, 1922, when Hicks sold the lot to Findlay Company for $1,000, delivered the original contract to it and left Kansas City, owing Hill a balance on the $500 note. Hill then inquired of the Findlay Company about the lot and was advised they had purchased it from Hicks. Thereafter, at a sale by Hill, under the power given in the pledge agreement, the plaintiff purchased the contract in Hill's possession for $100. The lot is conceded to be worth $2100.

By his petition the plaintiff seeks to compel a conveyance of the lot to him under the contract purchased at the sale. Defendant answered by general denial, with a plea that it purchased the lot in good faith and for value, without knowledge or notice of the pledge, and thereby acquired title free from the interest of Hill.

Plaintiff contends the delivery of the duplicate contract to Hill constituted a valid pledge. This contention is not challenged by defendant.

Plaintiff also contends the record in the sales ledger delivered to Findlay Company by the Potter Company relating to the lot was sufficient to call for inquiry by defendant of Hill as to his interest. The record made when Hicks pledged the contract follows:

"May 25, 1907. C. C. Edson, salesman. Lot 609, $1250 purchase price. Sold to O. J. Hill. On Sept. 4, 1912 transferred to Wm. E. Hicks, Thirty-first and Troost Ave."

There was written in pencil on the side of this entry the following words: "Notify O. J. Hill, 709 Grand Ave."

By mistake the entry has Hill transferring the contract to Hicks, instead of Hicks transferring the contract to Hill. There is no hint in the record of Hill's interest. On the contrary it indicated absolute ownership in Hicks. However, plaintiff contends the notation in pencil was sufficient to put the defendant upon inquiry.

Findlay did inquire of the Potter Company the meaning of the notation in pencil, and was informed that it meant when Hicks was in default, to notify Hill, who would prod him to make the payments. On two or more occasions Hill was so notified, and soon thereafter Hicks made the overdue payments. Hill assumed his interest had been made a matter of record by the Potter Company and did not inform the Findlay Company of the pledge. Under the circumstances, does the failure of defendant to make inquiries of Hill charge it with notice? The rule is stated as follows:

"The circumstances must be such that the inquiry becomes a duty, and the failure to make it a negligent omission. It is only when inquiry becomes a duty that knowledge of facts will in law put a person on inquiry to ascertain the ultimate facts of which he is presumed to have notice. The rule applies when the circumstances of the case impose the duty of a reasonable inquiry, even though it is not required by the express mandate of the statute." [46 C. J. 546, 547.]

The facts considered, the Findlay Company could infer that Hill's interest was friendly or that he was only concerned in some way as to his own liability under the original contract, which the record indicated he transferred to Hicks. And when Hill's silence for three years after the final payment on the lot is considered with the other facts and circumstances, we do not think the defendant was negligent in failing to make inquiries of Hill. Both Hill and the Findlay Company are innocent. In this situation the loss must fall upon Hill for his failure to take the original contract from Hicks when he accepted the duplicate contract as a pledge. This failure enabled Hicks to perpetrate the fraud. [Jones on Pledges (3 Ed.), secs. 47 and 135.]

Plaintiff mentions estoppel, but points to no act of defendant upon which Hill relied to his prejudice, and the authorities cited holding that an assignee of a party assigning his interest in a contract takes the interest assigned, subject to the defenses of the other party to the contract, are not in point.

The judgment should be affirmed. It is so ordered. All concur.